Chen v. Bondi

BIA
Videla, IJ
A099 525 027

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> > *Circuit Judges.*

_____

JIAN BAO CHEN,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

13-4790
NAC

**FOR PETITIONER:**     David X. Feng, Feng & Associates P.C., New York, NY.

**FOR RESPONDENT:**     Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Kathryn L. DeAngelis, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Bao Chen, a native and citizen of the People's Republic of China, seeks review of a November 25, 2013, decision of the BIA affirming a July 31, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Bao Chen*, No. A 099 525 027 (B.I.A. Nov. 25, 2013), *aff'g* No. A 099 525 027 (Immigr. Ct. N.Y. City July 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

"[W]e review the judgment of the IJ as modified by the BIA's decision—that is, minus the" findings not relied on by the BIA.[1] *Xue Hong Yang v. U.S. Dep't of*

---

[1] Thus, we do not address Chen's challenge to the IJ's inconsistency finding

2

*Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review *de novo* questions of law and the application of law to fact. We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (citation modified). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could

regarding his monetary political contributions because the BIA did not rely on it.

make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Chen asserted a fear of persecution in China on account of his political activities for the China Democracy Party ("CDP") in the United States. Substantial evidence supports the agency's determination that Chen was not credible based on inconsistencies and omissions in his testimony, the testimony of a supporting witness, and the documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

As the agency noted, Chen's testimony and documentary evidence reflected inconsistent addresses for where he lived in New York, and a Nevada divorce decree reflected that he was living in Nevada in 2010, *i.e.*, at the same time as his alleged political activities in New York. Chen does not dispute these evidentiary inconsistencies, but asserts, by way of explanation, that one Queens address was his residence, while the other was where he received his mail, and that the Nevada court mixed up his address with that of his ex-wife. These explanations may be

4

plausible but they do not compel the agency to accept his testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation modified)); *see also Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) (holding that "support for a contrary inference – even one more plausible or more natural – does not suggest error"). Moreover, the agency may rely on *any* inconsistencies, and the inconsistencies in question here were material, because Chen's claim that he was politically active on the east coast would be called into question if, as his divorce decree reflected, he had been living in Nevada in 2010. *See Xiu Xia Lin*, 534 F.3d at 167 ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (citation modified)).

Chen also omitted to mention some of his most significant alleged CDP activities on direct examination. When asked repeatedly what CDP activities he participated in, he mentioned events or protests he attended in New York and Washington, D.C., but failed to mention a 2008 article he wrote and published on

5

the CDP's website or a 2009 event he attended in Boston. Again, while it may be plausible that he forgot to mention these events, that explanation is not compelling because he was specifically asked "what other kind of activities" besides events or protests he had engaged in. Certified Administrative Record ("CAR") at 198. As to the article, Chen submitted it to the agency as support for his claim, and it was important enough that his CDP witness testified that as of Chen's 2011 hearing the article was still on the CDP website, and the CDP witness was aware of the month and year it was published. As to the Boston event, the CDP witness testified that Chen was in charge of one of the buses that went to Boston, that 200 to 300 people were involved, and that Chen was responsible for maintaining order during the event – yet Chen failed even to mention the Boston event, whereas he was able to give specific dates and locations of other events. *See Majidi*, 430 F.3d at 80–81; *see also Siewe*, 480 F.3d at 168.

The agency may rely on "any inconsistency or omission," *Xiu Xia Lin*, 534 F.3d at 167, and while "in general omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," the probative value "depends on whether [the omitted] facts are ones the witness would reasonably have been expected to disclose," *Hong Fei Gao*, 891 F.3d at 78.

6

These omissions both related to Chen's political activities, which were already in question given the address inconsistencies, and the agency did not err in relying on them.

Nor did the agency err in discounting some of Chen's corroborating evidence. As the agency noted, in addition to the inconsistency regarding the Boston event, Chen's witness's testimony was implausible in part; in particular, the witness testified "that he personally knew all 200 or 300 active members of the CDP" and "that the CDP did not keep a membership list." CAR at 5; *see also Siewe*, 480 F.3d at 168-69 ("The speculation that inheres in inference is not bald if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding." (citation modified)). And the IJ did not abuse his discretion in declining to give weight to photographs absent testimony regarding how they were obtained or what they depicted. *See* CAR at 4; *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the inconsistencies, omissions, and lack of reliable corroboration of

7

Chen's political activities, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Because the adverse credibility determination is dispositive of all forms of relief, *see Hong Fei Gao*, 891 F.3d at 76, we do not reach the agency's alternative conclusion that, even if credible, Chen did not establish an objectively reasonable fear of future persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8